IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

FREDDIE LEE BELL
PLAINTIFF,

V.

RICHARD ALLEN , et al.,

Defendants

CASE NO: 2:07-CV-111-MEF
WO

## PLAINTIFFS MOTION TO STAY PROCEEDING(S) OF THE DENIAL OF THE PLAINTIFFS 42 U S CONSTITUTION (U.S.C.) §1983 CIVIL RIGHTS COMPLAINT

Comes now, FREDDIE BELL, the plaintiff, pro se, pursuant to the Federal Rules of Civil Procedures (Fed. R. Civ. P.) 62(h) does hereby file for this court to stay the proceeding(s) with this instant said cause of action after, the final judgement as entered by this most honorable court on April 18, 2007, thereby denying the plaintiff(s) 42 United States Constitution (U.S.C.) 1983 Civil rights conplaint as filed on or about Feburary 2007 within the jurisdicyion of this court. Plaintiff(s) prays that this honorable will stay it's proceeding(s) until a ruling is had on the initial complaintant Cedric Allen Smith...a grounds for order is as follows:

### THE DISTRICT COURT ABUSED ITS DISCRETION

The District Court abused its discretion when it issued a final judgment on plaintiff(s) alleging a civil rights complaint without adhering to the mandatory language of Fed. R. Civ. P, rule 15(a).

(1). The district court, on April 18, 2007, issued an order dismissing plaintiff(s) civil rights complaint prior to service and without prejudice pursuant to the directives of 28 U.S.C. § 1915 (e)(2)(b)(ii). On the same day, the district judge issued a final

(1)

(con'd)

(con'd from pg.1)

judgment on the plaintiff(s) civil rights complaint without making an "express determination that there is no just reason for delay and upon an express direction for entry of judgment. Plaintiff(s) asserts that, this order cannot legally be a final judgment as submitted pursuant to rule 54(b) Fed. R. Civ. P.

(2) Plaintiff(s) asserts that, in order for a district court's resolution of a particular claim to qualify under rule 54(b) as a separate final judgment that may be appealed prior to resolution of the case as a whole, a two step process must be followed. The second step was not meet in this instant case: It does not appear that the court has made an "express determination that there is no just reason for delay. The district court clearly erred in issuing a final judgment in this instant.

(3) The district judge adopting the magistrate order to dismiss the plaintiff(s) civil rights complaint is in err because the magistrate based her recommendation on mis-placed law, and are inconsistant with a prior rulings in Conlogue v. Shinbaum, 949 F.2d 378, and Thorton v. Hunt, 852F. 2d 562. The district court judge ruling denying the plaintiffs complaint for "failure to state a claim in which relief could be granted does not address the merits of plaintiff(s) complaint. The judge denial for such reason should specifically point out the reasoning so that plaintiff(s) can properly (save) amend his complaint. Thus, rule 62(b) should be granted.

(4) Plaintiff(s) asserts that, in Feburary 2007, this complaint was filed as a class action complaint. Due process can only be served by this honorable court staying this proceeding until, Plaintiff's Cedric Allen Smith's motion for class certification is ruled on and a adjudication on the merits of his initial complaint (rule 23A).

(5) Plaintiff(s) asserts that, this honorable Court needs to clarify the final judgment order to stop a peice meal litigation on this class action law suit.and to prevent the plaintiff(s) for paying unnecessary filing fees because of what appears to be a partial judgment..

(2)

I DO HEREBY DECLARE UNDER PENALTY OF PERJURY THAT ALL STATEMENTS AS CONTAINED WITHIN THE WRITTEN CONTENTS OF THIS WRITTEN MOTION ARE ALL TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE.

_Freddie L. Bell_                                          _4/26/07_
                                                              DATE

## CERTIFICATE OF SERVICE

I do hereby certify that on this _26th_ day of April 2007, I have served a copy of the foregoing PLAINTIFF(S) MOTION TO STAY PROCEEDINGS PURSUANT TO RULE 62(H), by placing an exact copy of same within the Internal Inmate Mailing System, at G.K. Fountain Correctional Center, Fountain 3800, Atmore, Al. 36503-3800 (United States Mail) postage pre-paid First-Class and properly addressed, as follows:

TROY KING
ATTORNEY GENERAL
11 SOUTH UNION STREET
MONTGOMERY, AL. 36130

RICHARD ALLEN
COMMISSIONER                                RESPECTFULLY SUBMITTED
301 SOUTH UNION STREET
P.O. BOX 301501                             _Freddie L. Bell_
MONTGOMERY, AL. 36130-1501